**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1430**

---

ROZA HASSEN MOHAMMED,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-506-876)

---

Submitted: January 24, 2005      Decided: February 9, 2005

---

Before WILKINSON and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Jeremy L. McKinney, IMMIGRATION LAW CENTER, Greensboro, North Carolina, for Petitioner. Peter D. Keisler, Assistant Attorney General, Margaret Perry, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roza Hassen Mohammed, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture.[*]  The Board affirmed the ruling of the immigration judge that Mohammed was not a credible witness and did not sustain her burden of proof. Mohammed contends that her testimony was credible and corroborated and was therefore sufficient to establish eligibility.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).  We have reviewed the evidence of record and conclude that Mohammed fails to show that the evidence compels a contrary result.

Nor can Mohammed show that she was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000).

_____

[*]Mohammed seeks to argue that the immigration judge erred in denying her Convention Against Torture claim solely on the basis of a negative credibility finding.  However, as Mohammed did not raise this issue before the Board, we lack jurisdiction to consider the argument because Mohammed has not exhausted "all administrative remedies."  8 U.S.C. § 1252(d) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, __ U.S. __, 2005 U.S.L.W. 35839 (U.S. January 10, 2005) (No. 04-256).

- 2 -

"Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

We deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED